IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM S. HARVEY,<br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br>    Defendant. | )<br>)<br>)<br>)    Civil Action No. 05-1218<br>)<br>)<br>)<br>)<br>) |

OPINION

Gary L. Lancaster,
District Judge.                                          March 13, 2006

      This is an appeal from a final decision of the Commissioner of the Social Security Administration denying plaintiff Social Security Disability and Supplemental Security Income benefits. Defendant has filed a motion to dismiss pursuant to Rule 41(b) for plaintiff's failure to prosecute or comply with this court's January 10, 2006, order. [doc. no. 14]. For the reasons set forth below, the motion will be denied.

      Plaintiff was directed to file his motion for summary judgment no later than January 5, 2006. On that date, plaintiff requested an extension of time to file the motion, which was granted. The court set a January 17, 2006 due date for the summary judgment motion. On February 16, 2006, defendant filed this motion to dismiss because plaintiff had failed to file his motion by the January 17, 2006, deadline. In her motion,

defendant claims that dismissal is appropriate in this case to prevent undue delay and avoid docket congestion.

In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the court of appeals established guidelines to determine whether to dismiss an action for a litigant's failure to prosecute.  Accordingly, the court must take into consideration:  1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to comply with scheduling orders and to respond to discovery; 3) the history of delay; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the availability and effectiveness of alternative sanctions; and 6) the merit of the claim or defense.  <u>Id</u>. at 868; <u>see</u> <u>United States v. USX Corp.</u>, 68 F.3d 811, 818-19 (3d Cir. 1995) (applying <u>Poulis</u> factors to a motion to dismiss under Rule 41(b)); <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988) (same).  With the foregoing factors in mind, the court turns to the circumstances of this case.

The factors do not weigh in favor of dismissing this case. Plaintiff has failed to present any evidence warranting such a sanction under the appropriate standards.

<u>Factor #1</u>:  There is no evidence that plaintiff is personally responsible for missing the summary judgment deadline.

2

Rather, plaintiff's counsel appears to take personal responsibility for his oversight of the court's deadline.

Factor #2: Defendant has not alleged that she is suffering, or will suffer, any prejudice as a result of plaintiff's now two month delay in filing his motion for summary judgment.

Factor #3: There is no history of delay. Although plaintiff did seek a short extension of his summary judgment motion deadline in January, he did so in a timely manner.

Factor #4: Defendant has presented no evidence that plaintiff's conduct was willful or in bad faith. Nothing in the record indicates that this is the case. Rather, this appears to be a nothing more than a case of an attorney missing a deadline. While we do not condone missing deadlines, we also cannot say that doing so, without more, constitutes bad faith or willfulness.

Factor #5: There are numerous alternative sanctions that can adequately address plaintiff's counsel's oversight without the need to punish plaintiff with dismissal of his social security appeal.

Factor #6: Defendant has provided the court with no argument as to the merit of plaintiff's case. In the absence thereof, we will assume that plaintiff's appeal has merit.

All of these factors weigh in favor of denying defendant's motion. Finally, while we appreciate defendant's concern for the

state of the court's docket, had defendant taken the time to make a phone call to opposing counsel, our docket might have been spared this motion. As officers of the court, counsel must strike a balance between zealously representing the interests of a client, and acting professionally and reasonably under the circumstances.

BY THE COURT

_____, J.

cc: All Counsel of Record